**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA**

**CIVIL ACTION NO. 9:22-CV-81729-AMC**

**TULLIA HEISSENBERG,**

    **Plaintiff,**

**v.**

**CELL NATION of 3006
BROADWAY CORP., et al.**

    **Defendants.**

_____ /

### DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MATERIALS FILED IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

COME NOW Defendants Melber, LLC d/b/a Hello Unlimited ("Hello Unlimited"), Insta Mobility, Inc. ("Insta Mobility"), and LAXCA DF, Inc. ("LAXCA"), collectively ("Defendants"), and without waiving any defenses to this matter, file this response in opposition to the supplemental materials Plaintiff filed opposing Defendants' motion to compel arbitration. (Doc. 36 through 36-4.) For the reasons herein and in Defendants' prior briefs, Plaintiff should be compelled to arbitrate her claims that are asserted against Defendants in this case.

    **A.** **Plaintiff's Supplemental Materials Should Not Be Considered**

In further opposition to Defendant's motion to compel arbitration, Plaintiff filed an affidavit of David C. Silver (Doc. 36-1), excerpts of deposition testimony from Jake Urso (Doc. 36-2), excerpts of deposition testimony from John Bowden (Doc. 36-3), and an excerpt from Metro's pre-hearing arbitration brief (Doc. 36-4) (collectively, "Plaintiff's Supplemental Materials"). For the reasons outlined below, the Court should disregard Plaintiff's Supplemental Materials.

1

**1. The Deposition Testimony Excerpts Are Incomplete and Were Taken In A Different Proceeding to Which Defendants Are Not Parties**

A party may file documents in support of, or in opposition to a motion. *Barfield v. Brierton*, 883 F.2d 923, 928 (11th Cir. 1989); *Anibal Antonio Aguilar Fernandez v. Winn-Dixie Stores, Inc.*, No. 17-CV-60322, 2018 WL 538699, at *5 (S.D. Fla. Jan. 24, 2018). Generally, deposition transcript excerpts may be filed to support a party's position with respect to a motion. *See Landfall 2, Inc. v. Datascore-AI, LLC*, No. 22-CV-80801, 2023 WL 2126121, at *6 (S.D. Fla. Feb. 8, 2023); *Loc. Access, LLC v. Peerless Network, Inc.*, No. 614CV399ORL40TBS, 2015 WL 6165498, at *2 (M.D. Fla. Oct. 20, 2015). However, a party "must attach the entirety of the document, not just excerpts or summaries" if it is not possible to determine a document's authenticity or accuracy without a complete picture. *Legacy Entertainment Group v. Endemol USA*, 2015 WL 12838795, at *4 (M.D. Fla. 2015) (citing *Horsely v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

Here, the deposition excerpts Plaintiff submitted are woefully incomplete and fail to provide a fair and accurate accounting of the deponents' testimony. Specifically, at least sixteen pages are absent from Jake Urso's deposition transcript. (Doc. 36-2.) Similarly, at least two-hundred twenty-five pages are missing from John Bowden's deposition transcript. (Doc 36-3.) By submitting these excerpts, Plaintiff has cherry picked the information she wishes this Court to see and rely upon, but provided an incomplete picture of the deponents' testimony and the agency relationship that exists between Defendants and Metro.

Further, the Federal Rules of Civil Procedure and the Federal Rules of Evidence limit the circumstances under which prior deposition testimony may be used in a subsequent proceeding. *See* Fed. R. Civ. P. 32(a)(8) (a deposition may be used in a later action only if the earlier deposition involved the same subject matter and the same parties); Fed. R. Evid. 801, 802, and 804(b)(1) (a deposition taken in a different proceeding is admissible only if the party against whom it is offered

was provided with an opportunity to examine the deponent and a similar motive for doing so); *Nippon Credit Bank, Ltd. v. Matthews*, 291 F.3d 738, 751 (11th Cir.2002) ("A deposition taken in a different proceeding is admissible [only] if the party against whom it is offered was provided with an opportunity to examine the deponent."), *abrogated on other grounds by Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249 (11th Cir. 2010).

Here, the depositions were taken in a separate arbitration between Plaintiff and Metro to which Defendants are not parties. The Defendants had no notice of the depositions, no opportunity to participate in them, and no opportunity to cross examine the witnesses. Defendants also have no access to the complete deposition transcripts—and what else they may contain relevant to the issues in this case—since Plaintiff has only presented the portions she wants Defendants and the Court to see. Accordingly, the depositions cannot be used in this proceeding under the Federal Rules of Civil Procedure or the Federal Rules of Evidence, and the Court should not consider them in ruling on Defendants' motion to compel arbitration.

## 2. The Arbitration Brief Excerpt Is Incomplete, Provides No Probative Value, and Should Be Disregarded

Plaintiff also submitted an excerpt from the arbitration brief purportedly submitted by Metro in the separate arbitration proceeding between Plaintiff and Metro. [Doc. 36-4] However, this excerpt contains no testimony and is merely a purported argument by Metro. Thus, it does not constitute evidence and has no evidentiary value, and the Court should disregard it. *See, e.g., Wilmore v. United States*, No. 17-60278-CIV, 2019 WL 11660799, at *1 (S.D. Fla. July 22, 2019) (denying motion for new trial based on alleged "newly discovered evidence" in the form of post-conviction briefs filed by the government, stating that "the Government's brief is not evidence"); *Walker v. United Parcel Serv., Inc.*, No. 18-62713-CIV, 2021 WL 1089872, at *11 (S.D. Fla. Mar. 22, 2021), *aff'd*, No. 21-11267, 2022 WL 10083816 (11th Cir. Oct. 17, 2022) ("a summary

judgment brief is not evidence; rather, it is simply the argument of counsel . . . [and] the proper judicial response . . . is simply not to credit it") (quoting *English v. CSA Equipment Co., LLC*, 2006 WL 2456030, at *2 (S.D. Ala. Aug. 22, 2006); *Bryant v. U.S. Steel Corp.*, 428 F. App'x 895, 897 (11th Cir. 2011) ("counsel's argument is not evidence").

In addition, Plaintiff only filed an excerpt of the brief and not the entire brief, which denies Defendants and the Court the opportunity to read the argument in context and in its entirety, just like deposition excerpts discussed above. Thus, the same rationale of deposition excerpts under the Federal Rules of Civil Procedure and the Federal Rules of Evidence applies with respect to the excerpt of Metro's arbitration brief, and it should not be considered by the Court in ruling on Defendants' motion to compel arbitration.

**B. <u>Even If Plaintiff's Supplemental Materials Are Considered, Plaintiff Remains Obligated to Arbitrate Her Claims Against Defendants</u>**

Even if Plaintiff's Supplemental Materials are considered, they nonetheless lead to the same conclusion: Plaintiff must arbitrate her claims against Defendants because they are agents of Metro who fall within the scope of the arbitration agreement. The deposition excerpts Plaintiff filed support this and are consistent with the evidence already in the record about Defendants' status as agents of Metro. In addition, there is nothing inconsistent between the statements made in this case about Defendants' status as agents of Metro and the statements made in Plaintiff's arbitration against Metro.

As detailed at length in Defendants' motion to compel arbitration and reply brief, Metro's Terms and Conditions, to which Plaintiff agreed, contains an arbitration clause that requires Plaintiff to "resolve any dispute with us through binding arbitration," and which defines the term "us" as Metro and all its "controlled subsidiaries, assignees, and agents[.]" (Doc. 19.) Defendants already included in their motion an affidavit from authorized Metro representative Ethan Stubbs,

4

testifying that the Defendants each entered into a Dealer Agreement with Metro which appoints them as agents of Metro to sell, promote, and market Metro's equipment and services, and to act on Metro's behalf for those purposes. (Doc. 19-2.) Mr. Stubbs further testified that Defendants are authorized to "act on behalf of Metro" in selling and marketing Metro's products and services and that Defendants owe Metro "the fiduciary duties and other obligations of an agent to its principal." (*Id.*) However, Mr. Stubbs's testimony also confirmed that Metro retains control over the extent and manner in which Defendants act as Metro's agents, including that Defendants must exclusively sell and promote Metro's products and services and no other; that Defendants are only allowed to operate as agents in the geographic areas permitted by Metro; and that Defendants must sell and market Metro's products and services "in the manners specified by the Dealer Agreement." (*Id.*)

The deposition excerpts filed by Plaintiff do not contradict any of this and, to the contrary, support Defendants' status as agents of Metro. It is immaterial that Metro does not dictate the Defendants' hours of operation or wages paid to employees; Defendants have never claimed that Metro has that level of oversight, and this does not defeat agency status. Indeed, in the excerpt of the deposition of Jake Urso filed by Plaintiff, Mr. Urso refuted Plaintiff's counsel's suggestion that Metro lacked control over Defendants merely because they did not control Defendants' hours of operation or employees, stating:

> Q: . . . You didn't have control over the stores, either?
>
> MS. HERD: Object to form.
>
> THE WITNESS: "Control" is a broad term. Like, control in terms of, like, you know, employees and setting hours, I would say no, we do not have control over those. [But], I mean, we have control about, you know, approving a location to . . sell, you know, T-Mobile or Metro services and products in general[.]"

5

(Doc. 36-2, p. 55.) Mr. Urso also testified that Metro has the right to inspect the business records of Defendants, (*Id.* at p. 17), and that Metro can revoke Defendants' credentials to its systems, (*Id.* at p. 75). Rather than support Plaintiff's arguments, this testimony actually confirms Defendants' status as agents of Metro and that Defendants fall within the scope of the arbitration agreement requiring Plaintiff to arbitrate her claims.

The excerpt of Metro's arbitration brief that Plaintiff filed also does not support Plaintiff's position or contradict anything said by Defendants in this case. In the excerpt of Metro's arbitration brief, Metro stated that Defendants are not "general agents" of Metro, which Plaintiff argues contradicts Defendants' arguments in this case. (Doc. 36-4, pg. 2.) Plaintiff is wrong; there is absolutely nothing contradictory about Metro's and Defendants' arguments.

The Black's Law Dictionary definition of a "general agent" is a person or entity that is "authorized to transact *all* the principal's business of a particular kind or in a particular place." AGENT, Black's Law Dictionary (11th ed. 2019) (emphasis added). This is contrasted against the definition of an ordinary "agent", which is merely someone "authorized to act for or in place of another" and the definition of a "special agent", which is someone authorized "to conduct a particular transaction or to perform a specified act." *Id.* There is thus nothing inconsistent with Metro saying in its arbitration brief that Authorized Dealers are not "general agents" because no one contends they are authorized to transact *all* of Metro's business for it in a particular area. However, Defendants are agents or special agents of Metro because the record evidence shows that they are, in fact, authorized to "***act on behalf of Metro by T-Mobile*** for the purposes of selling and promoting Metro by T-Mobile's equipment and services in the geographic areas and in the manners specified by the Dealer Agreement." (Doc. 19-2 at ¶ 3) (emphasis added). They also are authorized to "enroll customers in Metro by T-Mobile services, ***and thereby bind Metro by T-***

6

*Mobile* to the T&Cs with those customers[.]" (*Id.* at ¶ 5.) Thus, Defendants are agents of Metro and they fall within the scope of the arbitration clause requiring Plaintiff to arbitrate her claims against them in this case.

Respectfully submitted,

<u>/s/ Amy C. Bender</u>
Amy C. Bender
Florida Bar No. 98452
David A. Cole
Georgia Bar No. 142383
*Admitted pro hac vice*
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339
T: (770) 818-0000
F: (770) 937-9960
E: abender@fmglaw.com
E: dcole@fmglaw.com

James E. Shepherd, V
Florida Bar No. 0947873
FORSTER BOUGHMAN LEFKOWITZ
2200 Lucien Way, Suite 405
Maitland, FL 3275
T: (407) 255-2055
E: shepherd@forsterboughman.com

*Attorneys for Defendant Melber, LLC*

<u>/s/ Sarah K. Walker</u>
Seldon J. Childers
Florida Bar No. 61112
Sarah K. Walker
Florida Bar No. 59586
Childers Law, LLC
2135 NW 40th Terrace, Suite B
Gainesville, Florida 32605
T: (866) 996-6104
F: (407) 209-3870
E: jchilders@smartbizlaw.com
E: swalker@smartbizlaw.com

*Attorneys for Defendant Insta Mobility, Inc.*

<u>/s/ Joseph S. Park</u>
Joseph S. Park
California Bar No. 278294; *Pro Hac Vice*
JOSEPH S. PARK, ATTORNEY AT LAW
3440 Wilshire Blvd. #550
Los Angeles, Calif. 90010
T: (917) 727-5563
E: j@jpark.law

David P. Reiner , II
REINER & REINER PA
9100 S. Dadeland Boulevard, Suite 901
Miami, FL 33156-7815
E: dpr@reinerslaw.com

*Attorney for Defendant LAXCA DF, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically submitted the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MATERIALS FILED IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to the following counsel of record who are CM/ECF participants for the parties of record to this case:

David C. Silver
Jason S. Miller
SILVER MILLER
4450 NW 126th Avenue, Suite 101
Coral Springs, FL 33065
DSilver@SilverMillerLaw.com
JMiller@SilverMillerLaw.com

James E. Shepherd , V
Forster Boughman Lefkowitz
2200 Lucien Way, Suite 405
Maitland, FL 32751
shepherd@fbl-law.com

Joseph S. Park
3440 Wilshire Blvd., Ste. 550
Los Angeles, CA 90010
j@jpark.law

Seldon J. Childers
Sarah K. Walker
ChildersLaw, LLC
2135 NW 40th Terrace, Suite B
Gainesville, FL 32605
jchilders@smartbizlaw.com
swalker@smartbizlaw.com

David P. Reiner , II
Reiner & Reiner PA
9100 S. Dadeland Boulevard, Suite 901
Miami, FL 33156-7815
Email: dpr@reinerslaw.com

This 19th day of May, 2023.

*/s/ Amy C. Bender*
Amy C. Bender
Florida Bar No. 98452
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339
T: (770) 818-0000
F: (770) 937-9960
E: abender@fmglaw.com